**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HARVEY SHOPPING CENTER, LLC, an Illinois Limited Liability Company, | |
| Plaintiff, | |
| v. | Civil Action No.: |
| THE CITY OF HARVEY, ILLINOIS an Illinois municipal corporation; | (Circuit Court of Cook County, Illinois, Civil Action No. 2022CH12050) |
| Defendants. | |

# <u>EXHIBIT A</u>

FILED
10/1/2024 12:41 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12050
Calendar, 7
29594844

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION**

| | | |
|---|---|---|
| HARVEY SHOPPING CENTER, LLC, <br> An Illinois limited liability company, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No. 2022CH12050 |
| vs. | ) <br> ) | Judge Eve Reilly |
| THE CITY OF HARVEY, ILLINOIS, <br> an Illinois municipal corporation, and the <br> COUNTY OF COOK, ILLINOIS, d/b/a <br> THE COOK COUNTY LAND BANK <br> AUTHORITY, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Calendar 7 |
| Defendants. | ) | |

<u>**NOTICE OF EMERGENCY MOTION**</u>

To:     *See Attached Service List*

PLEASE TAKE NOTICE that on **October 3, 2024 at 11:30 a.m**. or as soon thereafter as counsel may be heard, I shall appear via Zoom before the Honorable Eve M. Reilly, or any judge sitting in her stead, in the courtroom usually occupied by her in Courtroom 2405, Richard J. Daley Center, 50 W. Washington St., Chicago, Illinois, and then and there present **Plaintiff Harvey Shopping Center LLC's Emergency Motion for Temporary Restraining Order**, a copy of which is attached hereto and is hereby served upon you.

**Parties wishing to attend the presentment of this motion shall <u>not</u> appear in person in the courtroom, unless specifically ordered to do so by the Court. This motion shall be heard and conducted by video and/or telephone conference. Listed below is the Zoom information for this courtroom:**

**Meeting ID:** 943 7767 4389 / **Passcode**: 980847

Dated: October 1, 2024

**HARVEY SHOPPING CENTER LLC**

By:_____
        One of Its Attorneys

Jason M. Metnick
Firm ID: 100679
**RAINES FELDMAN LITTRELL LLP**
30 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
jmetnick@raineslaw.com
(312) 704-9400

10211410.1

**CERTIFICATE OF SERVICE**

I, a non-attorney, certify and state that I caused the foregoing **Notice of Emergency Motion** and **Plaintiff Harvey Shopping Center LLC's Emergency Motion for Temporary Restraining Order,** be served upon the parties listed below by sending an e-mail from my email account, pdunne@raineslaw.com, located at 30 N. LaSalle Street, Suite 3100, Chicago, IL to the e-mail addresses listed below, by or before 5:00 p.m. on October 1, 2024.

Robert P. Hoban, III
ANCEL GLINK, P.C.
140 S. Dearborn St. #600
Chicago, IL 60603
rhoban@ancelglink.com

[x]    Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

Patrick Dunne

2

10211410.1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 7

FILED
10/1/2024 10:13 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12050
Calendar, 7
29589730

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| HARVEY SHOPPING CENTER LLC, an Illinois limited liability company; | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 2022 CH 12050 |
| THE CITY OF HARVEY, ILLINOIS an Illinois municipal corporation, and THE COUNTY OF COOK, ILLINOIS, d/b/a THE COOK COUNTY LAND BANK AUTHORITY. | ) ) ) ) ) ) |

<u>EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER</u>

Plaintiff, Harvey Shopping Center, LLC ("**HSC**"), by and through its attorneys, hereby moves this Court pursuant to 735 ILCS 5/11-101 for entry of a Temporary Restraining Order ("**TRO**") against the Defendant, The City of Harvey (the "**City**"), and states as follows:

**<u>BRIEF INTRODUCTION</u>**

The City has, yet again, taken drastic steps to force an end-run around this lawsuit and to shut down, harass and intimidate HSC's shopping center and its tenants. Without notice, on September 30, 2024, the City removed the employees and shoppers from O'Reilly Auto Parts and the Dollar General, bolted the doors to these premises, and installed large concrete barricades, using specialized heavy equipment, to cut off access to O'Reilly Auto Parts and to Dollar General, two national anchor tenants at HSC's shopping center. The City then slapped Cease and Desist stickers at these businesses that direct the business to call a non-functioning phone number. The City completely failed to send statutorily-required correspondence about why these businesses were shut down or how and when they could seek reinstatement of business licenses. This is yet another event in the pattern of conduct at issue in this case whereby the City acts with impunity to hurt HSC's business and anyone who might prosper by running a business at the Property.

1

10382090.1 ~~10382090.1~~~~10382006.1~~

The City gave HSC no notice of these hostile actions, and attempted no legal process, but instead used self-help and threat of force to intimidate HSC, destroy its business, and destroy the businesses of HSC's tenants. HSC seeks a TRO to prevent Harvey from destroying multiple businesses and damaging their livelihoods through unlawful acts.

## LEGAL STANDARD

TROs may be entered with or without notice. 735 ILCS 5/11-101; *County of Boone v. Plote Construction, Inc.*, 2017 IL App (2d) 160184, ¶ 27. The First District Appellate Court has held 30 minutes notice via telephone call to be sufficient notice of a motion for TRO where a plaintiff was "faced with an imminent disruption to its business operations . . . ." *Amer. Warehousing Servs. v. Weitzman*, 169 Ill.App.3d 708, 714 (1st Dist. 1988). Where a TRO is entered with notice, it is not limited to 10 days under 735 ILCS 5/11-101. *County of Boone v. Plote Construction, Inc.*, 2017 IL App (2d) 160184, ¶ 27.

"A TRO is an emergency remedy issued to maintain the status quo until the case is disposed of on the merits." *Wilson v. Hinsdale Elementary School Dist*. 181, 349 Ill.App.3d 243, 248 (2nd Dist. 2004). "A party seeking a TRO must establish, by a preponderance of the evidence, that (1) he or she possesses a certain and clearly ascertainable right needing protection, (2) he or she has no adequate remedy at law, (3) he or she would suffer irreparable harm without the TRO, and (4) he or she has a likelihood of success on the merits." *Id*. at 248.

A temporary restraining order is an emergency remedy issued to maintain the status quo until a hearing can be held on a motion for a preliminary injunction. *Peoples Gas Light & Coke Co. v. City of Chicago,* 117 Ill.App.3d 353 (1983). The status quo is defined as the last, actual, peaceable, uncontested status that preceded the pending controversy. *Gold v. Ziff Communications Co,*196 Ill.App.3d 425 (1989). In considering whether injunctive relief is proper, the trial court

2

should not decide contested issues of fact or the merits of the action. *See Buzz Barton &Associates, Inc. v. Giannone,* 108 Ill.*2d 373* (1985) (considering entry of preliminary injunction); *Rotary Club v. Harry F. Shea & Co.*, 120 Ill.App.3d 988 2 (1983).

## **ARGUMENT**

Despite the action currently pending before this court, HSC anticipates that the City will continue to harass and intimidate HSC and its tenant, block access to the premises, and maliciously interfere with their businesses unless restrained by this Court.

**1. HCS Has Certain and Clearly Ascertainable Rights Needing Protection.**

HSC, O'Reilly Auto Parts and Dollar General have had exclusive, uninterrupted possession and use of Harvey Shopping Center for years. *See* McKay Affidavit, attached. The entry doors at O'Reilly Auto Parts and Dollar General are critical access points for customers, first responders, employees, and the property owner, HSC. The City installed large concrete barriers in front of the entry doors at O'Reilly Auto Parts and Dollar General which concrete barriers cannot be repositioned or removed except by specialized heavy equipment. *See* Exhibit 1. The City then placed Cease and Desist stickers at these businesses, directing the businesses to call a non-functioning phone number for information. *See* Exhibit 2.

HSC contends in the pending litigation that the City has failed to pay contractually-agreed real estate property taxes in order to benefit itself and attempt to take the Harvey Shopping Center real estate through several no cash bids. The City has used various methods to wrongfully pursue and obtain for itself HSC's real estate. HSC and its tenants have numerous property, leasehold, and business interests that are in need of protection. *See Love Terminal Partners v. United States,* 97 Fed. Cl. 355, 372 (2011) (leasehold interests are recognized as property, and the taking of such property by a municipality violates the Fifth Amendment Takings Clause of the U.S. Constitution).

10382090.1 10382090.1 10382006.1

Moreover, in *Dyson v. City of Calumet City* the court ruled that plaintiff had viable claims under the Due Process and Takings clauses because the right to use one's land as one desires is a measure of "property" under the Constitution. *Dyson v. City of Calumet City*, 306 F. Supp. 3d 1028, 1042 (N.D. Ill. 2018). Stated differently, when a right to use property is affected by an administrative decision, a deprivation of constitutional rights is at issue and procedural due process is warranted. *Id.*

Following these propositions of law, the City's intentional interference with HSC's leasehold interests and business operations at the HSC shopping center property, through the placement of barricades that obstruct access to tenant's business violates HSC's constitutional rights. HSC's rights in need of protection are unassailable, as there is no dispute that such interests have existed for years and continue to exist, as established in the case pending before this Court and in the affidavit of Dan McKay. *See* McKay Affidavit, attached.

## 2. HSC Has No Adequate Remedy at Law.

An adequate remedy at law is one which is clear, complete and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy. *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill.2d 540, 549 (1977). HSC has no adequate remedy at law. HSC cannot simply wait for trial in hopes that a monetary judgment may provide some adequate relief at an unknown future date, assuming they are able to enforce such a judgment (the City has contended that it is essentially judgment proof and that it cannot be liable for monetary damages in the lawsuit). HSC faces immediate and continuing injury to unique real property and HSC's and its tenants' ongoing business operations.

The Cease and Desist Notices posted, without any process or prior administrative proceeding, on O'Reilly Auto Parts' premises and on Dollar General's premises lists a non-existent

4

10382090.1 10382090.1 10382006.1

FILED DATE: 10/1/2024 10:13 AM    2022CH12050

phone number that does not connect to the City or anywhere else. *See* Cease and Desist notice attached as Exhibit 2. In addition, the City's actions are ongoing, and damages are continuing to accrue each day access is denied.

HSC has no adequate remedy at law, in that legal remedies available are not as clear, complete, practical and efficient to the ends of justice as an equitable remedy. The City's actions pose a threat to HSC's and its tenant's business interests, and the threat of future damages will not act as a deterrent to the City.

### 3. HSC Will Suffer Irreparable Harm Without the TRO.

Irreparable harm is defined as harm that cannot be prevented or rectified by final judgment after trial. See *Roland Machine Co. v Dresser Indus. Inc.,* 749 F. 2d. 380, 386 (7th Cir. 1984). To be considered irreparable an injury need not be incapable of compensation, but merely denote transgressions of a continuing nature. The mere threat of dissipation can be considered by determining the risk of irreparable harm. *In re Marriage of Joerger*, 221 Ill.App.3d 400, 405, (1991).

HSC and its tenants face the very real prospect of being forced to shut down operations forever without access to the businesses and premises at Harvey Shopping Center. The City has blocked access to businesses and forced employees and patrons to leave the premises. *See* Ex. 1, photos of concrete barrier barricading entry doors. This also means that deliveries and pick-ups at these businesses are rendered impossible. The threat of the continuation of such losses to legitimate business interests is sufficient to show irreparable injury unless the plaintiff is protected by the court. *Eagle Books, Inc. v. Jones,* 130 Ill.App.3d 407, 411 (1985). The First District Appellate Court has held: "Once a protectible interest is established, our courts presume that irreparable injury follows if the interest is not protected." *A.B. Dick Co. v. American Pro-Tech*, 159 Ill.App.3d

5

786, 794 (1987). HSC will "suffer irreparable harm" without issuance of the TRO, because the harm is ongoing, immediate and irreparable.

Should a fire or other emergency arise, the Harvey Fire Department or other emergency first responders cannot access the premises for these national retail tenants, O'Reilly Auto Parts and Dollar General, and each hour that the barricades remain threatens the lives of occupants of these premises, the adjoining premises, the entire HSC shopping center real estate, and the surrounding area.

**4. HSC Has a Likelihood of Success on the Merits.**

"The party seeking a preliminary injunction or temporary restraining order is not required to make out a case which would entitle him to relief on the merits; rather, he need only show that he raises a 'fair question' about the existence of his right and that the court should preserve the status quo until the case can be decided on the merits." *Buzz Barton & Assoc, Inc v Giannore*, 108 Ill 2d 373, 382 (1985). Here, HSC has the right to access its real property and to protect its property.

**CONCLUSION**

This is an emergency requiring immediate action. There is no procedure by which this gross inequity and illegal action can be remedied other than restraint by this Court. Plaintiff HSC is a solvent corporation, qualified to do business in Illinois, and owns real estate and facilities of substantial value in Illinois. Plaintiff HSC is financially able to respond to any damages caused by the issuance of the TRO.

The City would not be prejudiced by the issuance of a restraining order or preliminary injunction or a permanent injunction against the acts of which HSC complains. HSC submits that extremely good cause has been shown by the above facts and circumstances for the Court to

6

10382090.110382090.110382006.1

FILED DATE: 10/1/2024 10:13 AM   2022CH12050

exercise its discretion and waive any surety bond before the issuance of a TRO. The City will not be prejudiced by the waiver of a bond, and bond should be waived.

WHEREFORE, Plaintiff Harvey Shopping Center, LLC request that the Court enter an Order as follows:

1. Restoring the status quo by ordering the City Harvey to remove the concrete barricades blocking access to Dollar General and O'Reilly Auto Parts, and removing the Cease and Desist notices at said locations.

2. Prohibiting Harvey, its officials, and agents from interfering with HSC and its tenants' possession of the premises and their entrances businesses and to the Harvey Shopping Center.

3. Providing such other relief as the Court deems just and equitable.

**HARVEY SHOPPING CENTER LLC**

By: _____
One of Its Attorneys

Jason M. Metnick
Joseph A. LaPlaca
**RAINES FELDMAN LITTRELL LLP**
30 N. LaSalles St., Suite 3100
Chicago, Illinois 60602
(312) 704-9400
Cook County Attorney No. 100679
jmetnick@raineslaw.com

7

10382090.1 10382090.1 10382006.1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 7

FILED
10/1/2024 10:13 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12050
Calendar, 7
29589730

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION, COUNTY DEPARTMENT**

HARVEY SHOPPING CENTER LLC,
an Illinois limited
liability company;

    Plaintiff,

    v.

THE CITY OF HARVEY, ILLINOIS
an Illinois municipal corporation,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 22 CH 12050

### AFFIDAVIT OF DAN MCKAY

The undersigned, Dan McKay, states that if called as a witness at trial or an evidentiary hearing, I could testify to the following based on his personal knowledge:

1. I am the President of McKay Investment Realty, Inc. ("**McKay**"), the Property Manager for the real property commonly known as Harvey Town Square, 14861 South Dixie Highway, Harvey, Illinois 60426 ("**Town Square**").

2. Town Square is a shopping center located at 148th Street and Dixie Highway in Harvey, Illinois and consists of 75,000 gross leasable space and nine (9) commercial tenants.

3. Two of the tenants, Dollar General and O'Reilly Auto Parts ("**O'Reilly**"), are national tenants who lease space in various locations across the country. Dollar General and O'Reilly have written leases with Plaintiff, Harvey Shopping Center, LLC ("**HSC**") whom I know to be Town Square's owner.

4. I have 40 years of experience in leasing and managing commercial and residential properties in the Harvey, Illinois area. I have also been appointed over 100 times as a state court receiver and an exclusive broker in bankruptcy court.

Page 1 of 3

10381901.1

5.     I am familiar with the Second Amended Complaint and supporting exhibits filed by HSC in this current case and the *Lis Pendens* that was recorded on the Town Square property.

6.     On or about June 9, 2022, McKay was hired by HSC to manage Town Square including collecting rents from tenants, dealing with tenant-related communications, paying common area maintenance expenses, and performing repairs on the Town Square.

7.     In my capacity as Property Manager and my day-to-day involvement with all tenant-related issues on the Town Square, I have personal knowledge of, among other things, (a) lease expiration and renewal dates, (b) tenant plans to build-out current spaces or move to larger spaces on the Town Square, (c) tenant efforts to obtain building permits in order to effectuate build-outs, repairs or tenant improvements, and (d) the improvements by HSC and the permits for HSC's improvements.

8.     The Dollar General lease with HSC extends to April 30, 2028 with two (2) options to further extend the lease terms to April 30, 2038. The O'Reilly lease with HSC extends to November 30, 2026 with three (3) options to further extend the lease terms to November 30, 2047.

9.     On or about September 30, 2024, officials for the City showed up at the Town Square and removed all the employees and shoppers from the Dollar General and O'Reilly.

10.     The City officials proceeded to bolt the doors closed at Dollar General and O'Reilly. The City officials also installed cement barricades to block the entrances to the Dollar General and O'Reilly.

11.     The photographs taken on September 30, 2024 of the following are attached hereto respectively as **Exhibits "1"** and **"2"**: (i) the cement barricades installed in front of the doors to the Dollar General and O'Reilly; and (ii) the cease-and-desist sticker placed on the doors to the Dollar General and O'Reilly.

10381901.1

12. Based on my involvement with HSC, the Dollar General, O'Reilly, and the Town Square, HSC wants to do business in the City and HSC has taken steps to make extensive owner and tenant improvements to the Town Square that will increase revenue, increase the property value, improve the neighborhood, and will attract more national tenants.

13. From my understanding and review, HSC is contesting the taxes and attempting to enforce its agreement with the City to pay the taxes in exchange for the improvements to the Property and this litigation should not be used against HSC to remove the employees and shoppers at the Dollar General and O'Reilly, bar the doors to the Dollar General and O'Reilly, and install cement barricades that block access to the Dollar General or O'Reilly.

14. Barring the doors to the Dollar General and O'Reilly and installing cement barricades that block the entrances to the Dollar General and O'Reilly creates a hazardous situation because emergency first responders are blocked from accessing these premises.

## Verification

The undersigned, under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Dated: September 30, 2024

_____
Daniel J. McKay

Page 3 of 3

10381901.1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 7

Case: 1:24-cv-11144 Document #: 1-1 Filed: 10/29/24 Page 14 of 16 PageID #:19

FILED
10/1/2024 10:13 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12050
Calendar, 7
29589730

FILED DATE: 10/1/2024 10:13 AM   2022CH12050



**EXHIBIT 1**

FILED DATE: 10/1/2024 10:13 AM   2022CH12050



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 7

Case: 1:24-cv-11144 Document #: 1-1 Filed: 10/29/24 Page 16 of 16 PageID #:21

FILED
10/1/2024 10:13 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12050
Calendar, 7
29589730

FILED DATE: 10/1/2024 10:13 AM   2022CH12050



EXHIBIT
2

10381807.1