**N THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Harvey Shopping Center, LLC | ) | |
| | ) | Case No.   24 C 11144 |
| | ) | |
| v. | ) | Hon. Martha M. Pacold |
| | ) | |
| City of Harvey | ) | |

## ORDER

Plaintiff's motion to remand, [9], is granted in part and denied in part. Although plaintiff's emergency motion for a temporary restraining order in state court, [1-1], is "an amended pleading, motion, order or other paper," it is not one "from which it may . . . be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), because it does not transform the original suit into one "arising under the Constitution, laws, or treaties of the United States," *id.* § 1331, or otherwise within the original jurisdiction of the federal district courts, *see id.* § 1441(a). Unlike a plaintiff in federal court, a plaintiff in Illinois "fixes the issues in controversy and the theories upon which recovery is sought by the allegations in his complaint." *Lindblad v. Nelson*, 138 N.E.3d 141, 147 (Ill. App. 2019). It is thus "well established" in Illinois courts "that a plaintiff may not recover on a theory that is not contained in her complaint." *Schultz v. Schultz*, 696 N.E.2d 1169, 1172 (Ill. App. 1998). The constitutional arguments raised in support of plaintiff's motion thus cannot, absent an amended complaint, raise new claims not included in the operative complaint. In granting the temporary restraining order, the state court did not rely on any such claim. *See* [9-1]. Thus, because the operative complaint, [1-3], does not raise any federal claims and is not otherwise within the original jurisdiction of this court, the court lacks subject-matter jurisdiction and must remand this case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). However, the court denies plaintiff's request to award attorneys' fees and costs incurred as a result of the improper removal. "[W]hen an objectively reasonable basis [for removal] exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the court concludes that defendant had an objectively reasonable (albeit ultimately unpersuasive) basis for attempting to remove this case. When plaintiff's motion for a temporary restraining order in state court was based almost entirely on constitutional arguments, defendants did not act unreasonably in taking plaintiff at its word— even though this court ultimately concludes that plaintiff's claims arise only under state law. This case is hereby remanded to the Circuit Court of Cook County. Civil case terminated.

Date:  April 15, 2025                                    /s/ Martha M. Pacold